## No. 4527.

### JOHN M. BRABAZON VS. THE CITY OF NEW ORLEANS.

It was within the discretion of the judge *a quo* to extend the return day to the first Monday of February, the next return day fixed by law, if he deemed the time too short for completing the transcript of appeal, or that it was impracticable from other causes to get the appeal up by the next return day after the rendition of the order of appeal.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *W. W. Handlin*, for plaintiff and appellee. *George S. Lacey*, City Attorney, for defendant and appellant.

### ON MOTION TO DISMISS.

TALIAFERRO, J. There is a motion to dismiss this appeal on several different grounds, the first of which is that the appeal was not made returnable on the return day. The order of appeal was rendered on the sixteenth of January, 1873, and the appeal was made returnable on the first Monday of February, 1873. Appeals are made returnable for the parish of Orleans on the first and third Monday of each month. The next return day after the rendition of the order of appeal in this case was the third Monday of January, which occurred on the twentieth of that month, three days only intervening. It was in the discretion of the judge *a quo* to extend the return day to the first Monday in February, the next return day fixed by law, if he deemed the time too short for completing the transcript of appeal or that it was impracticable from other causes to get the appeal up by the next return day after the rendition of the order of appeal. 9 An. 14; 12 An. 825; 14 An. 737; acts of 1870, page —.

The other grounds for dismissal grow out of the one just examined. The motion is overruled.

### ON THE MERITS.

The plaintiff complains that the defendant has taken possession of a lot of ground belonging to him within the city of New Orleans and expropriated it illegally for the purpose of a street. He claims $585 rent for said property, if plaintiff should elect to abandon to the use and enjoyment of plaintiff the said lot, restoring the same to his possession; otherwise plaintiff prays judgment in his favor for the further sum of six hundred dollars, the value of the said lot of ground.

The answer is a general denial.

Judgment was rendered in plaintiff's favor for six hundred dollars, with legal interest thereon from the second of April, 1866, and defendant appealed.

We think the evidence sustains the plaintiff's claim, and that the judgment was properly rendered.

It is therefore ordered that the judgment appealed from be affirmed with costs.